## INDEPENDENT OIL & GAS CO. v. WOOLLEY et al.

No. 14873—Opinion Filed Nov. 25, 1924.

Rehearing Denied Jan. 2, 1925.

**1. Sheriffs and Constables—Sheriff not Required to Turn Over to Successor Attached Property.**

The law does not require a sheriff, at the expiration of his term of office, to turn over to his successor in office property held by him under a writ of attachment.

**2. Same—Duties of Outgoing Sheriff as to Writs.**

The only writs that sheriff is authorized to execute after his term of office has expired are such writs as are in his hands when his term expires which he has begun to execute by "service, levy or collection of money thereon."

**3. Same—Liability of Sheriff for Failure to Safeguard Attached Property—Necessity for Demand of Property by Plaintiff.**

Where, in an action against a sheriff and the surety on his official bond for failure to safely keep attached personal property, the sheriff answers that, at the special instance and request of the attorney for the attaching creditor the property was left with the person in possession at the time the attachment was levied, and upon that ground denies liability for loss by reason of the sale of the property by the custodian so selected, proof of demand for delivery

of the property is not essential to plaintiff's right of recovery.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by the Independent Oil & Gas Company, a corporation, against James Woolley and Lancashire Indemnity Company of America. Judgment for defendants, and plaintiff appeals. Reversed, with directions to grant plaintiff a new trial.

Wade H. James and Font L. Allen, for plaintiff in error.

Poe & Lundy, J. E. Curran, and R. E. Morgan, for defendants in error.

Opinion by RAY, C. This suit was commenced by the Independent Oil & Gas Company against James Woolley, former sheriff of Tulsa county, and the surety on his official bond, for failure on the part of Woolley to safely keep and turn over certain property taken by him under order of attachment during his term of office. A demurrer to plaintiff's evidence was sustained and judgment entered for the defendants, from which the plaintiff has appealed.

The only contention made in the brief for defendants in error, in support of the judgment, is that as the attachment had been levied by the defendant Woolley while he was sheriff, it was his duty to complete the levy by a sale of the property under final process, notwithstanding his term of office had expired; that to enable him to do so, it was necessary that the order of sale be delivered to him instead of to his successor in office; that by delivering the final process to the new sheriff the defendant Woolley was not afforded the opportunity to produce the property and make the sale; that it was necessary for plaintiff's recovery that the final process be delivered to him, or that a demand be made upon him to deliver the property to his successor in office or to the plaintiff. The plaintiff contends that it was the duty of the outgoing sheriff to turn over the attached property to his successor in office, and that the return of the new sheriff, showing that the goods were attached by the sheriff, and that he did not then hold the attached property, considered together with the return showing the property had been attached and was being held subject to the order of the court, fixed his liability. Following is the return made by the new sheriff:

"Received this writ January 5, 1921, and find that said goods was attached by the

sheriff and at this time he holds none of the goods that was attached."

The return of the order of attachment shows that the defendant Woolley, by one of his regular deputies. levied the attachment on 88 suits of clothes on the 26th day of June, 1920, which were being held subject to the order of the court.

These contentions arise upon the construction of sections 5901 and 5902, Comp. Stat. 1921, which are as follows:

"5901. Whenever a new sheriff shall be elected and shall have been qualified as required by law, the former sheriff, upon demand, shall deliver to him the jail and other property of the county, and all prisoners in such jail, and all writs, processes, orders, and other papers belonging to such office, and in his possession, or that of his under-sheriffs or deputies, except as provided in the next succeeding section; and upon delivery thereof, such new sheriff shall execute to the former sheriff his receipt therefor.

"5902. Sheriffs, under-sheriffs and deputies may execute and return all such writs and processes as shall be in their hands at the expiration of their office, or at the time of their removal from office, which they shall have begun to execute by service, levy or collection of money thereon."

Was it the duty of the defendant to turn over the attached property to his successor in office? It is not made so by the statute. The only property required to be delivered by the outgoing sheriff to the new sheriff is the property of the county. The only case called to our attention where the question has been considered is Sagely v. Livermore and Chester, 45 Cal. 613. In that case the sheriff had in his possession certain attached property. While the case was pending on appeal his term of office expired. He did not turn the property over to his successor in office, but continued to hold it as custodian. After the case was affirmed he returned the property and brought suit to recover the fee fixed by the court for keeping the property and mileage in returning it. The court, in construing a statute very similar to ours, pointed out that the act nowhere provided that property held under a levy of a writ of attachment was to be surrendered to the new sheriff and said:

"The only provision as to turning over property as such is found in the first subdivision of that section of the act just referred to and the property there mentioned is the property of the county in the hands of the retiring officer."

The judgment for keeping the property and mileage in returning it was sustained.

There being no law requiring the outgoing sheriff to turn over to his successor property attached, and being held by him for safekeeping, subject to the order of the court, we think the return of the new sheriff made on the final process showing that the property was not in his hands is not evidence that the property had not been safely kept. Neither can the contention made by the defendant that the final process should have been delivered to the defendant Woolley, to authorize him to sell the attached property, notwithstanding his term of office had expired, be sustained. He did not have any writ in his hands at the time his term of office expired. The writ of attachment had been returned as required by the statute. He held the property for safe-keeping, subject to order of the court. The only writs authorized to be executed by a sheriff, after the expiration of his term of office, are such writs and processes as shall be in his hands at the expiration of his office which he had begun to execute by "service, levy or collection of money thereon." The final process having reached the sheriff's office after the new sheriff had qualified and taken charge of the office. it was his duty, and not that of the old sheriff, to execute it.

This brings us to the question as to whether it was necessary to prove that a demand had been made upon the defendant Woolley to deliver the attached property to his successor to be sold under the order of sale. The defendant contends that the rule is as laid down in 35 Cyc. 678, and the cases cited in support of the text. It is as follows:

"A demand upon the officer or the delivery of final process to him, within the time after judgment during which the mesne process remains in force, is necessary to fix his liability for failure to have property seized on mesne process forthcoming to satisfy final process, unless other facts are shown which supersede the necessity of a demand; and, failing such demand, or delivery, the officer is not liable, although he would have been unable to produce the property if demand had been made or the process delivered to him."

The authorities there cited sustain the text, and no case has been called to our attention to the contrary. The question then is, Are such facts shown as to supersede the necessity of a demand? The defendant Woolley, in his answer, after making general denial, pleaded as a special defense that in levying the writ of attachment he did not take actual, physical possession of the attached property, but, at the special in-

stance and request of the attorney in charge, who represented plaintiff in the proceeding, he left the 88 suits of clothes in the custody of Mose Galitzky, whom he believed to be a brother of the defendant, for the reason that plaintiff did not care to assume responsibility and liability of a probable wrongful attachment by taking actual charge and taking them from the building; that he would not have trusted the property with Mose Galitzky. He denied liability for the loss of the goods by reason of their having been left with Mose Galitzky as custodian and his disposal of the goods. He sought by his answer to place the responsibility for their loss upon the plaintiff. The allegations of the answer are, in effect, that Mose Galitzky was made custodian of the attached property for the plaintiff and not for the defendant. We think this defense set up by the answer, upon which issue was joined, superseded the necessity of proving a demand for the delivery of the property.

The judgment should be reversed with directions to grant plaintiff a new trial.

By the Court: It is so ordered.